**ZDANCEWICZ LAW FIRM, PLC**
Post Office Box 51826
Phoenix, Arizona 85076
Phone: (602) 900-0890
Fax:    (602) 265-4391
Notice@ZLawAZ.com

Michael Zdancewicz - 12426

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Abbott Laboratories, a Delaware corporation,<br><br>                    Plaintiff,<br>v.<br><br>Mobile Vascular Solutions, LLC, an Arizona limited liability company,<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT** |

For its Complaint, Plaintiff alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.      Plaintiff is a corporation organized and existing under the laws of the State of Delaware and is authorized to conduct business in the State of Arizona.

2.      Mobile Vascular Solutions, LLC is a limited liability company organized under the laws of the State of Arizona and doing business in Maricopa County, Arizona.

3.      Mobile Vascular Solutions, LLC, has identified with the Arizona Corporation Commission that its domestic address is 20805 North 19th Avenue, Suite 7, Phoenix, AZ 85027.

4.      Mobile Vascular Solutions, LLC, has identified with the the Arizona Corporation Commission that its managers are Richard Matthews and Lisette Matthews

both with an address of 6534 West Tonapah, Glendale, AZ 85308.

5. Mobile Vascular Solutions, LLC, has identified with the Arizona Corporation Comission that its members are Richard Matthews and Lisette Matthews both with an address of 6534 West Tonapah, Glendale, AZ 85308.

6. It is alleged on information and belief that Mobile Vascular Solutions, LLC's principal place of business is located at 20805 North 19th Avenue, Suite 7, Phoenix, AZ 85027.

7. Mobile Vascular Solutions, LLC, is an Arizona limited liability company and it, as well as its members and managers are citizens of Arizona.

8. This Court has jurisdiction over this matter by virtue of 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000.00.

9. Mobile Vascular Solutions, LLC caused acts to occur in Maricopa County, Arizona out of which the claims described herein arose.

10. This court has jurisdiction over this action and venue is proper before this court because Mobile Vascular Solutions, LLC, maintains its principal place of business within Maricopa County and, Mobile Vascular Solutions, LLC is an Arizona limited liability company, and its managers and members are citizens of Arizona.

11. The contract upon which this Complaint is based was entered into in Maricopa County, Arizona, or was to be performed in Maricopa County, Arizona.

12. A jury trial is not requested.

13. In the event judgment by default is rendered in Plaintiff's favor, Plaintiff shall seek an award of attorneys' fees of, and the reasonable attorneys' fees shall be, $7,500.00.

### COUNT ONE – BREACH OF CONTRACT

14. Defendant **Mobile Vascular Solutions, LLC** entered into an agreement with

Plaintiff, express or implied, whereby Defendant would order goods and/or services ("**Goods**") from Plaintiff, and Plaintiff supplied the Goods with the expectation of payment from Defendant for the Goods.

15.     Plaintiff provided Goods to Defendant at Defendant's request.  It is alleged upon information and belief, that at no time during the course of delivery did Defendant object to, complain, or otherwise reject any of the materials, labor or equipment supplied by Plaintiff.

16.     Plaintiff is authorized to pursue this action.

17.     Defendant has failed to pay appropriate charges when due, and there is still due and owing the balance of $92,686.92, plus interest accruing at the rate of 4.75% per annum from July 1, 2020 until paid in full, together with all other amounts due.

18.     Defendant breached its express or implied agreement with Plaintiff.

19.     Plaintiff has suffered damages.

20.     Plaintiff has made demand upon the Defendant for such sums due and owing which sums Defendant has failed and refused to pay.

21.     Plaintiff provided the Goods to Defendant under an agreement that Plaintiff would be paid therefore, with the reasonable expectation of payment; and Plaintiff did not provide the Goods gratuitously.

22.     All conditions precedent to Defendant's liability have been excused, performed, or have occurred.

23.     This action arises out of a contract, either express or implied, and Plaintiff is entitled to recover its reasonable attorneys' fees incurred herein pursuant to A.R.S. § 12-341.01.

## COUNT TWO

24.     Plaintiff adopts the allegations of all preceding paragraphs.

25.     Plaintiff provided Goods to Defendant as good and valuable consideration for

Defendant's promises to pay Plaintiff according to the terms of their agreements.

26. Defendant has failed and refused to pay Plaintiff, according to the terms of the parties' agreements. Defendant has thus received benefits and has been enriched at the expense of Plaintiff.

27. Under the circumstances, it would be unjust to permit Defendant to retain the benefits received without payment for those benefits.

28. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff has suffered damages, as set forth above.

29. At the time Plaintiff provided Goods to Defendant, Plaintiff expected that Defendant would compensate Plaintiff, according to the terms of the parties' agreements.

30. At the time Plaintiff provided Goods to Defendant and as consideration for such Goods rendered, Defendant expected to pay Plaintiff, according to the terms of the parties' agreements.

31. Plaintiff demanded that Defendant pay the amounts due according to the terms and conditions of their agreements, but Defendant has failed and refused to pay.

32. As a direct and proximate result of Defendant's refusal to pay, Plaintiff has suffered damages as set forth herein.

**COUNT THREE - PROMISSORY ESTOPPEL**

33. Plaintiff adopts the allegations of all preceding paragraphs.

34. Defendant expressly promised Plaintiff that if Plaintiff would provide Goods, Defendant would pay according to the payment terms.

35. Defendant's promises were clear, definite and unequivocal and were specifically made to induce Plaintiff to provide Goods for Defendant's benefit.

36. In reasonable reliance on Defendant's promises, and to its substantial detriment, Plaintiff provided Goods pursuant to the terms of their Agreement.

37. At the time of making the promises and inducing Plaintiff to provide Goods,

Defendant could reasonably foresee that failure to pay for the Goods would cause damages.

38.    Defendant breached those promises.

39.    As a direct and proximate result of Defendant's breach of promises, Plaintiff has suffered damages as set forth above.

40.    Under the circumstances, Defendant's promises to pay according to the terms of the Agreement must be enforced to prevent injustice.

## COUNT FOUR

41.    Plaintiff adopts the allegations of all preceding paragraphs.

42.    There was running or concurrent open account between the parties which was kept unclosed with the expectation of further transactions.

43.    Defendant expressly or impliedly promised to pay all charges when due.

WHEREFORE, Plaintiff requests this Court to enter judgment in its favor and against Defendant as follows:

A.    For damages in an amount not less than the balance of $92,686.92, together with interest accruing at the rate of 4.75% per annum from the date first incurred until paid in full.

B.    Pre-judgment interest from the date incurred to the date of judgment at the contract/legal rate plus post judgment interest.

C.    For costs and reasonable attorneys' fees and for post-judgment costs and attorneys' fees in the event collection is necessary.

D.    For attorneys' fees in the event of default in an amount no greater than $7,500.00; and

/ / /

E.      For such other further relief as the Court deems just and proper.

Dated this 12 day of May, 2022.

**ZDANCEWICZ LAW FIRM, PLC**

By: /s/ Michael Zdancewicz (#012426)
Michael Zdancewicz
Post Office Box 51826
Phoenix, Arizona 85076
*Attorney for Plaintiff*